IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| ALAN LEVIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:14cv1527 (JCC/IDD) |
| ) | |
| J. ROBERT HEYL, ) | |
| ) | |
| Defendant. ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is now before the Court on the Plaintiff Alan Levin's ("Plaintiff" or "Levin") Motion for Default Judgment [Dkt.17] as a result of his timely objection to the Magistrate Judge's Report and Recommendations [Dkt. 20].

**I. Background**

On November 17, 2014, Plaintiff filed a Complaint for breach of contract against Defendant J. Robert Heyl ("Defendant" or "Mr. Heyl") and former Defendant Heyl Livestock, L.L.C. ("Heyl Livestock") alleging breach of contract and unjust enrichment. The Defendant has failed to respond to Plaintiff's Complaint or appear at any proceedings in this matter. On July 10, 2015, Plaintiff moved for default judgment against Defendants and requested damages in the amount of $121,787.91, exclusive of prejudgment interest. (Mot. for Def. at 11.) The motion for entry of default judgment was referred to United

1

States Magistrate Judge Ivan D. Davis, who issued his Report and Recommendation on the matter on August 7, 2015. On December 30, 2015, the Magistrate Judge recommended denying Plaintiff's Motion for Default Judgment on the sole ground that Plaintiff's complaint failed to demonstrate diversity of citizenship between Plaintiff and (then active) Defendant Heyl Livestock. (Report and Recommendation at 11, 12.) On January 12, 2016, Plaintiff voluntarily dismissed Heyl Livestock from the suit. (Dismissal Order [Dkt. 22].) That same day, Plaintiff filed a limited objection to the Magistrate Judge's Report and Recommendation, urging this Court to adopt the Magistrate Judge's proposed findings of law and fact on every issue except the lack of subject matter jurisdiction, arguing that they had cured the potential lack of diversity by dismissing Heyl Livestock. (Pl.'s Objection [Dkt. 23] at 3.)

## II. Legal Standard

The district judge shall make a *de novo* determination of those portions of the Magistrate Judge's Report and Recommendation to which objections are made. Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1)(C). Under *de novo* review, "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3).

## III. Analysis

Plaintiff objects only to the Report and Recommendation's findings with regards to subject matter jurisdiction and venue. Accordingly, this Court, having reviewed the pleadings and the Report and Recommendation, adopts Judge Davis' findings with regards to personal jurisdiction, service of process, the sufficiency of the complaint, and damages.

The Report and Recommendation recommends denial of summary judgment because Plaintiff's complaint "fails to allege facts regarding who the members of Defendant Heyl Livestock, L.L.C. are or the citizenship of any of Defendant Heyl Livestock L.L.C's members." (Report and Recommendation at 2.) Accordingly, Judge Davis correctly found that he could not recommend entry of default judgment as it was "unclear whether complete diversity of citizenship exists between Plaintiff and Defendant pursuant to 28 U.S.C. § 1332(a)(1)." (*Id.* at 2, 3.) Plaintiff subsequently corrected this defect by dismissing Heyl Livestock as a defendant in this case. Judge Davis found, and this Court agrees, that Plaintiff is a citizen of Maryland and the only remaining Defendant, J. Robert Heyl, is a citizen of Virginia.

Complete diversity must exist under "the state of things at the time of the action brought." *Mollan v. Torrance*, 22 U.S. 537, 539, 6 L.Ed. 154 (1824). However, curing a lack of

3

complete diversity by dismissing the party that would have destroyed diversity has "long been an exception to the time-of-filing rule." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 572, 124 S.Ct. 1920, 1925 (2004). That is precisely what has occurred here. By voluntarily dismissing Heyl Livestock, Plaintiff has cured the potential jurisdictional defect in their complaint. There is no longer any ambiguity regarding the diversity of the parties under the facts alleged in the complaint. The case is now an action between Plaintiff, an individual resident of Maryland, and Defendant J. Robert Heyl, an individual resident of Virginia. As the amount in controversy exceeds $75,000 and the case now satisfies the requirement of complete diversity between Plaintiff and Defendant, this Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332(a)(1).

Likewise, because the only remaining Defendant resides in the Eastern District of Virginia, it is now clear that this Court is the proper venue for this matter pursuant to 28 U.S.C. § 1391(b)(1).

The Court agrees with Judge Davis that Plaintiff has pleaded sufficient facts to show that both Mr. Heyl and Heyl Livestock were parties to the livestock contract, thus rendering them jointly and severally liable for its breach. *See Traylor v. Grafton,* 332 A.2d 651, 672 (Md. 1975)("When two or more

4

promisors agree to pay a sum of money under a contract the amount promised is the promise of all and the promisee is entitled to a joint judgment against them, or judgments against them severally.")  Because Mr. Heyl and Heyl Livestock are jointly and severally liable on the contract and Mr. Heyl is liable on the promissory note, the dismissal of Heyl Livestock as a defendant does not affect the Report and Recommendation's analysis on the issues of personal jurisdiction, service of process, the sufficiency of the complaint, or damages.  Neither party has objected to the proposed findings of fact and law on those issues, and the time to file any objection has now expired.  Accordingly, having reviewed the pleadings and the Report and Recommendation, the Court now adopts the findings of Judge Davis on those issues.  Specifically, the Court finds: (i) that it has personal jurisdiction over Mr. Heyl as he was served with process in Virginia; (ii) that Plaintiff properly served Mr. Heyl pursuant to Rule 4(e)(2); (iii) that Plaintiff has adequately stated a legitimate cause of action against Mr. Heyl for breach of contract as to the livestock sale; (iv) that Plaintiff has adequately stated a legitimate cause of action against Mr. Heyl for breach of contract as to the promissory note; (v) that there is an appropriate basis to award Plaintiff damages in the amount of $75,000 for the breach of contract claim stemming from the livestock sale; and (vi) that there is

5

an appropriate basis to award Plaintiff damages in the amount of $42,875.16 plus prejudgment interest at a rate of ten percent per annum beginning August 11, 2014 for the breach of contract claim stemming from the promissory note.

Due to Plaintiff's intervening dismissal of the party threatening to destroy complete diversity, the Court finds that it now has subject matter jurisdiction over Plaintiff's action pursuant to 28 U.S.C. §1332(a)(1).  The Report and Recommendation would have recommended granting Plaintiff's Motion for Default Judgment but for "Plaintiff's failure to properly plead subject matter jurisdiction."  (Report and Recommendation at 12.)  Because the jurisdictional defect has been cured and this Court agrees that Defendant's failure to answer Plaintiff's well pleaded Complaint warrants default judgment, the Court now grants Plaintiff's Motion for Default Judgment against Defendant J. Robert Heyl.

## IV. Conclusion

For the foregoing reasons, the Court declines to adopt the Magistrate Judge's Report and Recommendation and grants Plaintiff's Motion for Default Judgment. The Court enters judgment in favor of the Plaintiff against the Defendant and awards Plaintiff damages in the amount of $75,000 for the breach of contract claim stemming from the livestock sale and $42,875.16 plus prejudgment interest at a rate of ten percent

6

per annum beginning August 11, 2014 for the breach of contract claim stemming from the promissory note.  An appropriate Order shall issue.

                                                            /s/

March 23, 2016                         James C. Cacheris
Alexandria, Virginia        UNITED STATES DISTRICT COURT JUDGE